IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KIMBERLY J. FLORES,

        Plaintiff,

v.                                                             CIV 98-1024 LH/KBM

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's Motion to Reverse and Remand for a Hearing, filed June 7, 1999. The Commissioner of Social Security issued a final decision denying Flores' application for disability insurance benefits (DIB) and supplemental security income (SSI). Having considered the arguments, pleadings, administrative record and relevant law, I find that the motion is not well taken and should be denied.

### A. Facts/Procedural Background

Flores was 32 years old when she applied for DIB and for SSI on November 29, 1994. She alleged disability beginning October 1, 1991 due to major depression, chronic asthma and stress. [MIS 1] Flores also suffered from some degree of obesity, which she asserts played a significant role in her claim of disability. [MIS 3] After a hearing on July 17, 1996, the Administrative Law Judge (ALJ) determined that Flores was not disabled. [AR 12-18] The ALJ found that Flores' impairments limited her to light and simple work, but that these limitations did not preclude her from doing her past relevant work. [AR 18] The Appeals Council denied Flores' request for review of the ALJ's decision, making it the Commissioner's final decision for

purposes of review. Flores now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

## B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) citing 42 U.S.C. § 423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1420 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

### C. Issues

The present case concerns step four of the sequential evaluation. Flores asserts that the ALJ committed four errors: (1) the ALJ's conclusions regarding Flores' mental impairments are unsupported by substantial evidence; (2) the ALJ's residual functional capacity was unsupported by substantial evidence for failure to take into account Flores' obesity; (3) the ALJ's credibility determination was unsupported by substantial evidence and contrary to law; and (4) the ALJ improperly used testimony from the vocational expert which was in response to a hypothetical question that excluded some of Flores' impairments. I consolidate the first two issues and discuss the last two separately below. Finding no reversible error in the ALJ's decision, I recommend that it be affirmed.

### D. Discussion

*1. The ALJ properly concluded that Flores' mental impairments did not prevent her from returning to past relevant work, despite her obesity.*

Flores finds fault with the ALJ's conclusion at step four that she was not disabled, arguing that he failed to analyze her residual functional capacity. [MIS 4] Flores calls attention to the three-phase analysis that the ALJ must complete at step four. First, the ALJ must evaluate the claimant's residual functional capacity. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). Residual functional capacity means "what you can still do despite your limitations." 20 C.F.R. § 404.1545(a), *cited in Davidson v. Sec'y of Health & Hum. Serv.*, 912 F.2d 1246, 1253 (10th Cir. 1990). In the second phase, the ALJ must determine the physical and mental demands of the claimant's past relevant work *Winfrey*, 92 F.3d at 1023. Finally, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two, despite the mental and physical limitations found in phase one. *Id.*

*a. Mental impairments.*

As to phase one, the ALJ found that Flores' physical limitations did not preclude her from doing light work. [AR 18] The ALJ also found that Flores' mental problems – depression and personality disorder – "limit her to simple tasks, but impose only slight limitations on her activities of daily living and her social functioning, and only seldom result in deficiencies of concentration, persistence and pace." [AR 17] He also noted that her impairments had never resulted in deterioration or decompensation in work or work-like settings. [AR 17]

In response, Flores calls attention to notes from several counseling sessions, which documented that her mental impairment made her cry, feel helpless, overwhelmed, anxious, stressed out and obsessive, and resulted in panic attacks, sleep problems, and occasional suicidal thoughts. She claims that this evidence makes it clear that no substantial evidence supports the ALJ's findings. [MIS 5] Accepting as true all these problems, Flores can create an inference that the problems seriously limited her activities. But these mental impairments do not lead inexorably to the conclusion that she could not do simple activities, as the ALJ found. [AR 18] In fact, Flores cites to nothing in the record to support the notion that she cannot do simple activities. On the contrary, the record supports the ALJ's decision, particularly Dr. Carlos Balcazar's April 17, 1995 psychiatric examination. Dr. Balcazar opined that Flores had "adequate judgment to plan a work sequence," could "use tools and materials for simple jobs," and could "perform one or two-step repetitive tasks at a competitive rate." [AR 285] The foregoing constitutes substantial evidence to support the ALJ's conclusion.

Flores contends that Dr. Balcazar's additional statement that it was "possible that she could have difficulty in her interactions with co-workers and supervisory personnel" compels a conclusion that her mental impairments prevented her from performing her past work. [MIS 7]

4

Dr. Balcazar's use of the word "possible" makes Flores' position strained at best. Possible difficulty does not reasonably translate into certain inability. In fact, Flores testified that she can deal with people and gets along with others. [AR 370]

    *b. Physical impairments.*

There is no explicit evaluation in the record of how Flores' physical limitations affect her ability to work. Flores asserts that the ALJ's failure to order a residual functional assessment, where one does not already exist in the record, was error. *See Gathright v. Shalala*, 872 F. Supp. 893, 898 (D.N.M. 1993), *citing Rivera-Torres v. Sec'y of Health & Hum. Serv.*, 837 F.2d 4, 6 (1st Cir. 1988) (error for ALJ not to request complete RFC assessment where no other was in the record, especially where plaintiff complained of pain, takes medication, and has some objective abnormality). However, the April 10, 1995 consultative examination by Dr. Donna Deming, does refer to Flores' "exogenous obesity: a moderate mechanical problem which also adds stress to her cardiovascular, endocrine and musculoskeletal system." This evaluation also takes into account her asthma as having a "stressful component" to it. [AR 277]

Because Dr. Deming nowhere relates the observations, directly or indirectly, to how Flores' physical condition affects her ability to work, her observations do not constitute substantial evidence either for or against a finding of disability. As such, I find that the ALJ's failure to request an RFC assessment was error under *Gathright*. The Court must next address whether the error was harmless, such that reversal would not change the result. *See Diaz v. Sec'y of Health & Hum. Serv.*, 898 F.2d 774, 777 (10th Cir. 1990) (minimal error by ALJ does not require reversal or remand).

The record as a whole suggests that Flores' physical condition had not worsened since Flores had last worked in 1991. [AR 342] She had no apparent respiratory distress in April

5

1995 and her asthma was stable in July 1995. [AR 276-77, 317] Nor was there any evidence that Flores' physical condition had prevented her from working in the past. Flores testified that she was fired from her previous job at Lovelace as a data entry operator in 1986 because she had missed too much work due to domestic violence and an associated hospitalization. [AR 344-46] When the ALJ asked her if she could have returned to work if her husband stopped abusing her, she said, "At that time, yeah." Instead, Flores explained that her depression, a mental impairment, had since worsened. [AR 346]

Thus, there is sufficient substantial evidence in the record as a whole to conclude that Flores' *physical* problems did not prevent her from doing light or sedentary work. Even though the ALJ erred in not asking for an RFC assessment, the error was harmless in view of the other evidence in the record. I therefore recommend affirming on this point also.

    c. *Mental and physical demands of past relevant work*.

Flores argues that neither the vocational expert nor the ALJ adequately assessed the mental demands of her past work. [MIS 10] I disagree. The vocational expert characterized Flores' past work as "semi-skilled." [AR 331] Furthermore, the ALJ's first hypothetical to the vocational expert quoted almost verbatim Dr. Balcazar's assessment that Flores could "plan a work sequence, use tools and materials for simple jobs." [AR 377] The vocational expert testified that such a person could do Flores' past relevant work. [AR 378] The ALJ's findings that Flores could do simple work, and that this limitation did not preclude her from performing her past relevant work [AR 18, ¶¶ 5-7], demonstrate that ALJ's assessment included relevant mental demands. These findings also satisfy the requirement that the ALJ determine whether the claimant can perform the job demands despite limitations. *Winfrey*, 92 F.3d at 1023.

    2. *The ALJ properly assessed Flores' credibility*.

The ALJ found that Flores' subjective complaints were "credible to the extent that they limit her to light work." [AR 16] As for her mental impairments, nothing in the record, including the more than 200 pages of counseling notes on which Flores relies, implicitly or explicitly characterizes her mental impairments as disabling as the Commissioner defines the term. *See Thompson*, 987 F.2d at 1486, *citing* 42 U.S.C. § 423(d)(1)(A) (a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity). Rather, Dr. Balcazar found that Flores could do simple work despite her mental impairment. [AR 285] This opinion constitutes substantial evidence supporting the ALJ's credibility determination concerning Flores' mental impairments.

Flores' daily activities may be considered in assessing her physical impairments. *See Thompson*, 987 F.2d at 1489 (discussing the determination of credibility of pain testimony). As the Commissioner points out, Flores said she was able to care for herself, clean house, cook, shop, and do laundry for five people, drive, do yard work and occasionally visit family and a friend. [AR 276, 352-55, 365, 369-70, 373, 376] While an ALJ may not rely on minimal activities as substantial evidence that a claimant is not disabled, *see Frey v. Bowen,* 816 F.2d 1469, 1475 (10th Cir. 1987), Flores' daily activities appear far above minimal.

Flores also disputes the ALJ's finding that the side effects of her medication were not credible evidence of disability. [MIS 12] Though unpleasant, the side effects of Flores' asthma medication - making her nervous and jittery [AR 369] - seem to require that she relax for about ten minutes after using it. [AR 381-82] As the vocational expert testified, such a requirement does not necessarily preclude Flores from working. [AR 384] So even if the ALJ improperly discounted the side effects, the vocational expert's testimony is substantial evidence to support

the ALJ's conclusion that Flores' subjective complaints did not preclude her from doing light work.

        *3. The ALJ properly rejected the vocational expert's response to a hypothetical question*.

In response to a hypothetical that included Dr. Balcazar's finding that Flores had a poor rating on the Global Assessment of Functioning Scale ("marked impairment in either social relations or occupational functioning or a moderate impairment in both"), the vocational expert indicated that no jobs would remain for Flores. Plaintiff maintains that it was error for the ALJ to reject the answer to this hypothetical.

The hypothetical, however, also included the fact that the claimant would have trouble keeping a job for more than a few weeks due to the mental impairment. [AR 285] A vocational expert's opinion in response to a hypothetical is not binding on the ALJ where it is based on impairments the ALJ did not accept as true. *Tallley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). Here, there was no evidence of record that Flores' mental impairments had kept, or would keep her in the future, from holding a job for more than a few weeks. In short, Dr. Balcazar's evaluation portrayed Flores as an individual with some emotional or mental problems, but with no problems serious enough to prevent her from working at least at simple, sedentary jobs.

### E. CONCLUSION

For the reasons stated above, I recommend that the ALJ's decision be affirmed. Objections to the foregoing may be timely made pursuant to 28 U.S.C. § 636(b)(1).

_____
UNITED STATES MAGISTRATE JUDGE

**Attorneys for Plaintiff:**
Francesca J. MacDowell
Gary J. Martone
A. Michelle Baca-Kleban
2501 San Pedro Dr., NE, Suite 111
Albuquerque, NM  87110

**Attorneys for Defendant:**
Una McGeehan
1301 Young St., Suite 430
Dallas, TX  75202

Joan Marie Hart
P.O. Box 607
Albuquerque, NM  87103